UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTORIA P.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 3:20-CV-5265-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly found Dr. K. Tarantino's opinion not persuasive. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

1

2

FACTUAL AND PROCEDURAL HISTORY

On May 5, 2017, Plaintiff filed an application for DIB, alleging disability as of April 15, 2017. *See* Dkt. 19, Administrative Record ("AR") 891. The application was denied upon initial administrative review and on reconsideration. *See* AR 891. A hearing was held before ALJ Malcolm Ross on October 4, 2018. *See* AR 891. In a decision dated January 28, 2019, the ALJ determined Plaintiff to be not disabled. *See* AR 904. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) discounting the medical opinion evidence; (2) discounting Plaintiff's testimony and the lay witness testimony; (3) determining whether Plaintiff has the residual functional capacity ("RFC") to perform the requirements of her past relevant work at step four; and (4) omitting certain limitations in his analysis at step two, rending the RFC incomplete.[1] Dkt. 21. As a result of these alleged errors, Plaintiff requests an award of benefits. *Id.*

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] Plaintiff also argues there was "misconduct" in her case because her claim was originally allowed to proceed at the initial stage of review before having her case reversed based on the state agency's review process. *See* AR 973, 990, 1007, 1025. This occurred two times at the initial stage. *See* AR 1007. However, because the initial stage of review is not subject to this Court's jurisdiction, the Court declines to consider this argument. *See* 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

1          <u>DISCUSSION</u>

2    **I.      Whether the ALJ properly considered the medical opinion evidence.**

3          Plaintiff argues the ALJ improperly rejected Drs. Tarantino and Brodgon's opinions. Dkt.

4    21, pp. 4-11.

5          A.  <u>Standard of Review</u>

6          The regulations regarding evaluation of medical evidence have been amended for claims

7    protectively filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). As Plaintiff

8    filed her claim for DIB on May 5, 2017, the ALJ applied the new regulations. *See* AR 900-903.

9          In the new regulations, the Commissioner rescinded Social Security Regulation ("SSR")

10   06-03p and broadened the definition of acceptable medical sources to include Advanced Practice

11   Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20

12   C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified

13   that all medical sources, not just acceptable medical sources, can provide evidence that will be

14   considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg.

15   15263.

16         Additionally, the new regulations state the Commissioner "will no longer give any specific

17   evidentiary weight to medical opinions; this includes giving controlling weight to any medical

18   opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*),

19   2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c

20   (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their

21   persuasiveness" based on supportability, consistency, relationship with the claimant, specialization,

22   and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most important factors are

23   supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1    Although the regulations eliminate the "physician hierarchy," deference to specific medical

2    opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he]

3    considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20

4    C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain

5    how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R.

6    §§ 404.1520c(b)(2), 416.920c(b)(2).

7    The parties dispute whether current Ninth Circuit law applies to claims filed after March

8    27, 2017. *See* Dkts. 22, 23. The Ninth Circuit currently requires the ALJ to provide "clear and

9    convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining

10   physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d

11   418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or

12   examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can

13   be rejected "for specific and legitimate reasons that are supported by substantial evidence in the

14   record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995);

15   *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

16   At this time, the Ninth Circuit has not issued a decision stating whether it will continue to

17   require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some

18   variation of those standards, when analyzing medical opinions. Regardless, it is not clear the

19   Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs

20   from the current Ninth Circuit standards in any significant respect. The new regulations require the

21   ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ

22   considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a),

23   (b). The new regulations appear to, at the least, require an ALJ to specifically account for the

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

1  legitimate factors of supportability and consistency in addressing the persuasiveness of a medical

2  opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported

3  by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current

4  rules have focused more on whether we sufficiently articulated the weight we gave treating source

5  opinions, rather than on whether substantial evidence supports our final decision.").

6      Therefore, based on the above considerations, the Court will determine whether the ALJ's

7  decision is free of legal error and supported by substantial evidence.

8      B.  Dr. Tarantino

9      Dr. Tarantino performed a consultative exam of Plaintiff in August 2017. AR 1555-1559.

10 Dr. Tarantino reviewed Plaintiff's records and history and performed a clinical interview and

11 mental status examination ("MSE") of Plaintiff. AR 1555-1558. He diagnosed Plaintiff with major

12 depressive disorder (moderate, recurrent) and opined Plaintiff is able to perform simple, repetitive

13 tasks, but would have some difficulty with performing detailed and complex tasks. AR 1559. He

14 also opined Plaintiff would have difficulty performing work activities on a consistent basis without

15 special or additional instructions, completing a normal workday or workweek without interruptions

16 from a psychiatric condition, and dealing with the usual stress encountered in the workplace. AR

17 1559.

18     The ALJ found Dr. Tarantino's opinion not persuasive for three reasons: (1) it is

19 inconsistent with the only mild limitations noted in the claimant's MSE; (2) it is inconsistent with

20 MSEs and psychiatric findings through the record; and (3) the opinion "appears to be based largely

21 on [Plaintiff's] self-report of symptoms, the veracity of which is undermined…" AR 901.

22     First, the ALJ found Dr. Tarantino's opinion not persuasive because it is inconsistent with

23 the results from the MSE Dr. Tarantino conducted of Plaintiff. AR 901. An ALJ may discount a

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

physician's opinion if the physician's clinical notes and recorded observations contradict the

physician's opinion. *Bayliss*, 427 F.3d at 1216; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th

Cir. 2001) (upholding the ALJ's rejection of a treating doctor's opinion because it was internally

inconsistent); *Melton v. Commissioner of Social Sec. Admin.*, 442 Fed.Appx. 339, 341 (9th Cir.

2011) (finding the ALJ reasonably relied on an internal inconsistency when discrediting a doctor's

opinion).

Here, Dr. Tarantino performed an MSE and found Plaintiff's stream of mental

activity/speech, content of thought, memory, fund of knowledge, and judgment/insight were either

intact, fair, or within normal limits. AR 1557-1558. Dr. Tarantino found Plaintiff's mood/affect

was depressed, and her concentration and abstract thinking were mildly impaired. AR 1558.

Following the MSE, Dr. Tarantino diagnosed Plaintiff with major depressive disorder. AR 1559. In

this instance, the ALJ relied on the same results from Dr. Tarantino's exam and came to a different

conclusion. *Compare* AR 901 *with* AR 1559. The ALJ is "simply not qualified to interpret raw

medical data in functional terms…" *Nguyen v. Chater*, 172 F.3d 31, 35 (9th Cir. 1999); *see also*

*Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law

judges . . . must be careful not to succumb to the temptation to play doctor").

In addition, the ALJ failed to explain any basis for his conclusion that the results of the

MSE were inconsistent with Dr. Tarantino's opined limitations. *See Blakes v. Barnhart*, 331 F.3d

565, 569 (7th Cir. 2003) (the ALJ must "build an accurate and logical bridge from the evidence to

[his] conclusions" so that the court "may afford the claimant meaningful review of the SSA's

ultimate findings"). Accordingly, the ALJ's first reason for finding Dr. Tarantino's opinion not

persuasive is not free of legal error and supported by substantial evidence.

1    Second, the ALJ found Dr. Tarantino's opinion not persuasive because it is inconsistent

2    with MSEs and psychiatric findings through the record. AR 901. An ALJ need not accept an

3    opinion which is inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc.*

4    *Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). But

5    it is error for an ALJ to selectively focus on evidence that tends to suggest a plaintiff is not

6    disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

7    Here, the ALJ provided numerous citations to the record in support of his conclusion. *See*

8    AR 901, citing AR 1599, 1611, 1631, 1641, 1654, 1684,1719, 1784, 1805, 1843-1844, 1858, 1870,

9    1916, 1950, 2016. In many of these citations, the MSEs show generally normal limits, but also

10   indicate Plaintiff's mental impairments continued to cause issues for Plaintiff. For example, in one

11   note, Plaintiff's provider noted her mood/affect was depressed and she endorsed suicidal ideation.

12   AR 1641. Plaintiff's depression and anxiety were frequently noted to be active problems or were

13   active and worsening. *See* AR 1654, 1858, 1916, 1950. In one instance, Plaintiff's depression was

14   noted to be "currently severe" and her panic disorder was impacting her ability to work her part-

15   time job. AR 1611. Other citations the ALJ cited to contained test results indicating Plaintiff was

16   severely depressed or was exhibiting feelings of failure and problems with concentration. *See* AR

17   1684, 1805, 1843-1844.

18   Thus, the ALJ's references to the record indicate a selective focus on evidence which

19   supports his conclusion while ignoring evidence which contradicts it. This is error. *See Edlund*,

20   253 F.3d at 1156; *see also See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error

21   for the ALJ to ignore or misstate competent evidence in order to justify a conclusion).

22   Accordingly, the ALJ's second reason for finding Dr. Tarantino's opinion not persuasive is not free

23   of legal error and supported by substantial evidence.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1    Third, the ALJ found Dr. Tarantino's opinion not persuasive because it was largely based

2    on Plaintiff's reports. AR 901. An ALJ may reject a physician's opinion "if it is based 'to a large

3    extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*

4    *v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169

5    F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor

6    provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of*

7    *Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more

8    heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis

9    for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*,

10   528 F.3d at 1199-1200).

11   Here, the ALJ has not explained how Dr. Tarantino's opinion is based "to a large extent"

12   on Plaintiff's subjective complaints. In contrast, Dr. Tarantino reviewed Plaintiff's records and

13   history, and performed a clinical interview and MSE of Plaintiff. AR 1555-1558. Notably, clinical

14   interviews and MSEs are "objective measures" which "cannot be discounted as a self-report." *Buck*

15   *v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Accordingly, because the ALJ failed to show

16   how Dr. Tarantino's opinion is based "to a large extent" on Plaintiff's subjective complaints, the

17   ALJ's third reason for finding Dr. Tarantino's opinion not persuasive is not free of legal error and

18   supported by substantial evidence.

19   For the above stated reasons, the Court finds the ALJ failed to provide legally valid

20   reasons, supported by substantial evidence for finding Dr. Tarantino's opinion not persuasive.

21   Accordingly, the ALJ erred.

22   "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

23   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

24

claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ found Dr. Tarantino's opinion persuasive, the ALJ may have included additional limitations in the RFC. For example, Dr. Tarantino opined Plaintiff would have difficulty completing a normal workday or workweek without interruptions from a psychiatric condition. AR 1559. In contrast, in the RFC, the ALJ did not include any limitations regarding absenteeism. *See* AR 897. Therefore, if Dr. Tarantino's opinion was found to be persuasive and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires reversal. The ALJ is directed to reassess Dr. Tarantino's opinion on remand.

C.  Dr. Brogdon

Dr. Brogdon, Plaintiff's treating psychiatrist, completed a medical source statement regarding Plaintiff in June 2018. AR 1577-1579. He opined Plaintiff had several moderate and extreme limitations in her mental functioning and overall is unable to function in a standard work environment mostly due to her limitations from depression and anxiety. AR 1577-1579. The ALJ discussed Dr. Brogdon's opinion and found it not persuasive for six reasons: (1) the impairments he opined to are poorly supported by the record; (2) it appears to be largely based on Plaintiff's subjective reports; (3) Dr. Brogdon took on the role of Plaintiff's advocate in seeking DIB; (4) it is

1    inconsistent with the record; (5) it is inconsistent with Plaintiff's activities of daily living; and (6)

2    Dr. Brodgon infringed on an issue reserved to the commissioner. AR 902.

3           The Court finds the ALJ's third reason for finding Dr. Brodgon's opinion not persuasive,

4    that he took on the role of Plaintiff's advocate in seeking DIB, is free of legal error and supported

5    by substantial evidence. An ALJ may reject a physician's opinion when the physician has

6    transitioned roles from medical provider to disability advocate for the claimant. *See Bagoyan*

7    *Sulakhyan v. Astrue*, 456 Fed.Appx. 679, 682 (9th Cir. 2011); *Buckner–Larkin v. Astrue*, 450

8    Fed.Appx. 626, 628 (9th Cir. 2011); *Pryor v. Barnhart*, 137 Fed.Appx. 955, 957 (9th Cir. 2005).

9    Here, the ALJ provided substantial evidence that Dr. Brodgon was advocating for Plaintiff's

10   disability application to be approved. The ALJ specifically cites to an exchange between Plaintiff

11   and Dr. Brogdon. *See* AR 902-903. In this exchange, Plaintiff wrote the following to Dr. Brogdon:

12           Do you think I am OCD as well as PTSD[?] My mom used to say I had "several
             different nervous habits" so I never took those actions too seriously. Maybe I should
13           have. Anyway, thank you for working with me and helping with my disability case.
             Oh, just wondering, is OCD written in my record? I hope so cause [sic] maybe that
14           will help too.

15   AR 1953.

16           Dr. Brodgon responded with the following message:

17           I absolutely think that OCD is a part of this. Maybe a very important part. But it was
             a recent development, so I wanted to just mention the things that were rock-solid.
18           Again, when dealing with these people you can't leave any cracks they can worm in.
             All the other diagnosis [sic] are 100% verifiable in the medical record and so I went
19           with those. I'm keeping my fingers crossed for you and I will see you in September!

20   AR 1953.

21           This exchange between Plaintiff and Dr. Brogdon affirms the ALJ's finding that Dr.

22   Brogdon was advocating for Plaintiff's application for DIB to be approved, even going so far as to

23   selectively cite to what of Plaintiff's limitations would fare most favorably in seeking DIB. *See* AR

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

1953. Thus, the ALJ correctly found Dr. Brogdon's opinion not persuasive because Dr. Brogdon may not have offered his opinion as an impartial medical provider. Accordingly, the ALJ has provided a reason that is free of legal error and supported by substantial evidence for finding Dr. Brogdon's opinion not persuasive.

Although the ALJ provided other reasons for finding Dr. Brogdon's opinion not persuasive, the Court need not assess whether these reasons were proper, as any error would be harmless because the ALJ provided a legitimate reason for finding the opinion not persuasive. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162 (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion). Accordingly, the ALJ did not err in his evaluation of Dr. Brogdon's opinion.

**II.      Whether the ALJ properly considered Plaintiff's testimony and the lay witness testimony.**

Plaintiff asserts the ALJ improperly discounted Plaintiff's testimony concerning her symptoms. Dkt. 21, pp. 13-17. Plaintiff further argues the ALJ erred in discounting the lay witness testimony of her husband, Alan. *Id*. at 11-13.

The Court concludes the ALJ committed harmful error in assessing Dr. Tarantino's opinion and has directed it be re-evaluated on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

**III.     Whether the ALJ erred at step two and/or step four.**

Plaintiff asserts the ALJ erred in determining Plaintiff could perform past relevant work at step four. Dkt. 21, p. 17. Plaintiff further asserts the ALJ erred at step two by not including

1  limitations from fibromyalgia, PTSD, panic disorder, and diabetic polyneuropathy in the RFC. Dkt.

2  21, pp. 17-18. The Court found the ALJ committed harmful error by failing to properly assess Dr.

3  Tarantino's opinion. *See* Section I, *supra*. Accordingly, the ALJ must reassess Plaintiff's RFC on

4  remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address

5  medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.

6  2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ

7  must reassess Plaintiff's RFC, he must also re-evaluate the findings at Step Four and, if necessary,

8  Step Five, in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22,

9  2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did

10  not properly consider two physicians' findings).

11       **IV.    Whether this case should be remanded for an award of benefits.**

12       Plaintiff argues this case should be remanded for an award of benefits. Dkt. 21, p 18.

13       The Court may remand a case "either for additional evidence and findings or to award

14  benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

15  reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

16  agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

17  Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

18  evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211

19  F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be

20  awarded where:

21       (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
         claimant's] evidence, (2) there are no outstanding issues that must be resolved before
22       a determination of disability can be made, and (3) it is clear from the record that the
         ALJ would be required to find the claimant disabled were such evidence credited.

23  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

24

1    The Court has directed the ALJ to reconsider Dr. Tarantino's opinion on remand. *See*

2  Section I, *supra*. The Court has also directed the ALJ to reconsider Plaintiff's testimony and the lay

3  witness testimony on remand. *See* Section II, *supra*. For these reasons, the Court finds there are

4  outstanding issues that must be resolved concerning Plaintiff's functional capabilities and her

5  ability to perform jobs existing in significant numbers in the national economy. Therefore, remand

6  for further administrative proceedings is appropriate.

7                                    <u>CONCLUSION</u>

8        Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

9  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this

10  matter is remanded for further administrative proceedings in accordance with the findings

11  contained herein.

12        Dated this 14th day of December, 2020.

14  _____

15  David W. Christel
    United States Magistrate Judge